IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | Civil Action No. 7:18-cv-00587 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiffs, fifteen Virginia inmates proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. In it, they assert a variety of claims, many of which are related to conditions at Wallens Ridge State Prison ("WRSP"), where they are housed. The complaint consists of more than 100 pages, more than 200 numbered paragraphs, names nearly fifty defendants, and contains nine counts, most of which incorporate multiple claims. For example, Count II is titled "Being subjected to unsafe conditions," but it challenges a number of diverse conditions, including failing to provide safe access to the top bunk; subjecting inmates to conditions and situations that allow them to be "exposed to voyeurism and/or sexual misconduct"; lack of access to water fountains and toilets during outside recreation; cell assignments; cross-contamination from inmates' possessions due to gloves used during inspections; and other claims. Similarly, Count III, titled "Unlawful deprivation" incorporates eleven separate claims, including challenges to: an alleged lack of access to publications and microwaves, a policy prohibiting inmates with recent disciplinary charges from ordering food from outside vendors, and other claims. Other claims include Count IV, titled "Being subjected to a hostile environment," Count V, which asserts various violations of religious rights, Count VI, which claims plaintiffs are being denied legal access, and Count IX, which alleges

retaliation. (*See generally* Compl. Dkt. No. 1.) All of the named plaintiffs signed the complaint.[1]

The court conditionally filed the action and assessed a filing fee against each plaintiff, directing each plaintiff either to pay the filing fee or to comply with certain requirements to request to proceed *in forma pauperis*. The order warned that a failure to comply with those directions could result in the dismissal of the plaintiff's case without prejudice. (Dkt. No. 5.)

Since that time, twelve of the plaintiffs failed to file the requested forms, and the court dismissed their claims without prejudice, terminating them from this case. (Dkt. Nos. 20–30, 42.) Three of the plaintiffs (Ofori, Whitlock, and Mateen) sent in the proper paperwork, and Ofori, the first-named plaintiff, has paid the entire $400 filing fee. Thus, the action remains pending as to those three plaintiffs.

A number of motions have been filed in the case, and the court turns now to them.

**1.     Ofori's Motion for Reconsideration (Dkt. No. 41)**

**a.   Joinder of Prisoner Plaintiffs**

In his motion for reconsideration, signed only by plaintiff Ofori, Ofori asks the court to reconsider its dismissal orders (Dkt. Nos. 20–30) as to eleven of the other plaintiffs. (Dkt. No. 41.) He explains that he believed that he and his fellow plaintiffs would only be required to pay a single filing fee in this case. He also has filed multiple letters asking for clarification of this issue. (*E.g.*, Dkt. Nos. 38, 39-1, 44.)

First of all, as this court has noted, Ofori cannot sign pleadings on behalf of other *pro se* litigants asking for relief on their behalf. His motion for reconsideration is not signed by any of

---

[1] Although the case was filed as a class action, the court has denied the motion to certify the class. (Dkt. No. 48.) As the court explained in that order, "*pro se* plaintiffs may not represent one another and *pro se* class actions are not permissible." (*Id.* (citing *Oxendine v. Williams*, 509 F.2d 1045, 1407 (4th Cir. 1975).) Thus, each of the plaintiffs is required to prosecute his own case. *Id.*

the dismissed plaintiffs. It could be denied on that ground alone. But the court believes it is prudent to address the issue raised by him in his motion and in his letters: whether a single filing fee or multiple filing fees (one for each plaintiff) should be assessed in this case. This also implicates a related issue: whether multiple prisoner plaintiffs are allowed to join in one action under Federal Rule of Civil Procedure 20.

The court's research has not disclosed any Supreme Court decision or Fourth Circuit decision directly addressing these two issues, and other circuits have taken varying approaches.

As to the threshold issue of whether it is permissible for multiple prisoner plaintiffs to join in a single suit, nearly all circuits to have addressed the issue conclude that nothing prohibits the joining of multiple prisoner plaintiffs in a single suit. The Eleventh Circuit, however, has held that in the context of prisoner litigation governed by the PLRA, the PLRA bars permissive joinder of multiple prisoner plaintiffs in one civil rights action. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). Many district courts within the Fourth Circuit have followed *Hubbard* on this issue. *E.g.*, *Sutcliffe v. Cain*, C/A No. 4:16-2939-MBS-TER, 2016 WL 4804069, at *1 (D.S.C. Sept. 13, 2016) (concluding that eight prisoners could not join in one action, expressly agreeing with *Hubbard*, and citing to cases from other district courts within the Fourth Circuit holding the same); *see also Griffin v. Nettles*, No. 4:18-cv-02469, 2018 WL 4701293, at *1–2 (D.S.C. Sept. 28, 2018) (separating claims of two plaintiffs for initial review and citing to numerous cases from the U.S. District Court for the District of South Carolina following *Hubbard*).

Having carefully reviewed *Hubbard*, as well as other cases on this topic, the court finds more persuasive the Seventh Circuit's approach in *Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004). The *Boriboune* court acknowledged that "joint litigation could undermine the

3

system of financial incentives created by the" Prison Litigation Reform Act ("PLRA"), but nonetheless held that if Rule 20's joinder requirements were met, then multiple prisoner plaintiffs could join in a single case. *Id.* The Seventh Circuit explained that a conclusion like the *Hubbard* court's—that multiple prisoner plaintiffs are precluded by the PLRA—was necessarily premised on a determination that the PLRA had either superseded or implicitly repealed Rule 20. *See id.* at 854–55. As *Boriboune* explained, though, "the PLRA does not repeal or modify Rule 20," implicitly or otherwise. *Id.* at 855.

Accordingly, and following *Boriboune*, the court concludes that the PLRA does not prohibit the joining of multiple prisoners as plaintiffs under Rule 20. The court notes, however, as did the Third Circuit in *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009), that the district court has "broad authority with regard to joinder under Rule 20, which is, after all, discretionary." *See also Boriboune*, 391 F.3d at 854 (explaining that if a civil case—prisoner or non-prisoner—is complex, "the rules provide palliatives: severance or pretrial orders providing for a logical sequence of decision"). So, while the mere fact that plaintiffs are prisoners does not preclude them joining if they otherwise satisfy Rule 20, that fact can be considered in determining whether joinder is appropriate in any given case.

Here, the type of problems that concerned the *Hubbard* court over joined prisoner plaintiffs are problems that this court is already encountering in this case, such as one plaintiff repeatedly submitting motions on behalf of others. Indeed, practical considerations strongly militate against allowing multiple prisoner plaintiffs to jointly file and pursue a single civil action. As in all prison cases, a high likelihood exists that circumstances, such as cell reassignments, lockdowns, or personal disagreements, will often prevent plaintiffs from preparing and signing joint pleadings as required in *pro se* litigation. A joint lawsuit also creates

4

a danger of coercion, subtle or otherwise, between plaintiffs, and it may put plaintiffs at an increased risk of receiving a "strike" under 28 U.S.C. § 1915(g).

In addition to these problems that might exist in any prisoner suit, the court concludes that it would be impracticable and difficult to permit joinder in this particular case. Even assuming the current version of the complaint might satisfy Rule 20's joinder rules for joinder of plaintiffs, the court concludes (as it describes in the next section of this order) that the complaint does *not* comport with the rules for joinder of defendants and claims. Instead, as discussed above, the complaint itself names numerous defendants and asserts numerous, unrelated claims. In light of that, the court will be requiring an amended complaint by each plaintiff that complies with the rules governing joinder of defendants and claims. The court concludes that requiring a single amended complaint with narrowed claims would be unworkable and impracticable with multiple plaintiffs.

Specifically, in determining which claims to properly re-assert in the amended complaint, each plaintiff may have an incentive to pursue different claims, based on whether or not he has exhausted particular claims (a requirement for bringing suit under the PLRA), what his damages have been with regard to specific claims, and what claims or rights he deems most important. Asking a group of inmates to reach a consensus as to how to narrow their claims seems to the court to be fraught with the danger of asking some plaintiffs to give up their strongest claims or to pursue a claim that, for them, may be frivolous based on their circumstances. It also has a great potential for coercion, as already noted.

For all of these reasons, although the court concludes that joinder of prisoner plaintiffs can be permissible, the court finds that allowing these plaintiffs and their claims to proceed in a single action would be infeasible or prejudicial. Thus, the court exercises its discretion to

5

disallow it. *See Jeffcoat v. Blyth Eastman Paine Webber, Inc.*, 896 F.2d 1367, 1990 WL 15556, at *2 (4th Cir. 1990) (holding that a party's ability to use Rule 20's joinder provisions is discretionary with the court) (unpublished table decision); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir.1983) (holding that Rule 20 "is permissive; whether to allow such joinder is left to the discretion of the trial judge"); *Carroll v. United States*, No. 5:14-CV-02167-JMC, 2015 WL 854927, at *10 (D.S.C. Feb. 27, 2015) (exercising discretion to disallow joinder of multiple prisoners as plaintiffs and collecting authority holding same); *see also Boriboune*, 391 F.3d at 854 (holding that prisoners could join as plaintiffs in a single suit, but recognizing that "the rules provide palliatives" to alleviate the practical difficulties of joinder, including the option of severance).[2] In short, the court concludes that the interests of the parties, as well as the interests of justice, will be best served if this jointly-filed case is severed into separate actions under Federal Rule of Civil Procedure 21, individualized for each plaintiff.

The court also concludes that the plain language of the PLRA requires that each plaintiff be assessed the full filing fee. The great weight of authority supports this conclusion—even where multiple prisoners are permitted to proceed in one case—and the court concludes that this reasoning is sound. *See Boriboune*, 391 F.3d at 855–56; *Hubbard*, 262 F.3d at 1198. *But see In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137, 1138 (6th Cir. 1997) (concluding that plaintiffs should be charged a single fee, apportioned among them). In particular, the PLRA expressly states that a prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action he brings. 28 U.S.C. § 1915(b)(1).

---

[2] While in an appropriate case—such as a simple case asserting a single conditions claim—joinder or later consolidation of the plaintiffs would be perfectly acceptable and non-problematic, this case is not such a case. *See Thomas v. N. Corr. Facility*, Civil Action No. 5:11cv7, 2011 WL 442157, at *2 n.2 (N.D.W. Va. Feb. 2, 2011) (severing cases brought by two prisoner plaintiffs, but noting that "it may be appropriate to consolidate them" at a later point). As noted above, the claims here are extensive and are varied. If they all went forward in a single suit, there could be differing answers as to exhaustion by each plaintiff, questions about what specific retaliation was experienced by each plaintiff, questions about the religious beliefs of each plaintiff, and numerous other questions that make joinder of these plaintiffs result in a case that is both unwieldy and impracticable.

In light of the court's determination that each plaintiff must proceed separately and that each plaintiff must pay his own filing fee, Ofori's motion for reconsideration (Dkt. No. 41) will be denied. The court will direct the Clerk to sever the other two plaintiffs who have complied with the financial filing requirements (Khalif Abdul Mateen and Waverly Whitlock), and to docket this order and then the complaint from this case in a separate case for each of them.

### b. Joinder of Claims and Defendants

As alluded to above, the complaint filed in this action joins multiple, unrelated legal claims concerning different events. As it stands, then, the complaint runs afoul of applicable joinder rules and the filing fee requirements of the PLRA, and it cannot proceed as filed.

Specifically, the present complaint is not consistent with Rules 18 and 20 of the Federal Rules of Civil Procedure, regarding the format of a civil complaint and the permissible joinder of claims and parties. Rule 18(a) only allows a plaintiff to join "as many claims as it has against *an opposing party*." Fed. R. Civ. P. 18(a) (emphasis added). On the other hand, Rule 20 allows the joinder of several defendants *only* if the claims arose out of the same transaction or occurrence, or series thereof, *and* contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit should not be allowed. *Riddick v. Dep't of Corr.*, No. 7:17CV00268, 2017 WL 6599007, at *1 (W.D. Va. Dec. 26, 2017) ("[A] plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question.") (citation omitted). "These procedural rules apply with equal force to *pro se* prisoner cases." *Id.*

In addition, to allow a plaintiff to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in

the face of the letter and spirit of the PLRA. PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee in any civil action or appeal submitted by a prisoner—through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted, or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief. *See generally* 28 U.S.C. §§ 1915, 1915A. "Congress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Riddick*, 2017 WL 6599007, at *2 (citation omitted). "[T]o allow [plaintiff] to essentially package several lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement." *Id*.

The complaint here may not proceed as it is presently constituted because it improperly joins together multiple claims and multiple defendants. As already noted, there are nine counts, many with subparts, relating to a whole host of issues concerning conditions at the jail, alleged retaliation, and religious discrimination, among other claims. There are nearly fifty named defendants, not all of whom are identified in each count.

The court is not addressing the merits of any of the claims at this time. Instead, the court will give each plaintiff (Ofori in this case and plaintiffs Mateen and Whitlock in their respective, soon-to-be-opened cases) an opportunity to file an amended complaint. This amended complaint

must be a new pleading, complete in all respects, which stands by itself without reference to any prior complaint or attachments. The new amended complaint must comply with the joinder rules described above. In particular, the claim(s) set forth in the amended document must arise out of the same transaction, occurrence, or series of transactions or occurrences, and the claim(s) must contain a question of law or fact common to all defendants. It must also state facts about the conduct undertaken by each specific defendant in alleged violation of plaintiff's constitutional rights.

This opinion does not mean that any plaintiff loses his right to litigate any of the claims he has pled to date in this action because of the court's determination of misjoinder. Each plaintiff simply may not litigate all of his unrelated claims against all these defendants in this single suit. A plaintiff may bring, in a separate civil action, any claims that a plaintiff chooses not to include in the amended complaint in this action. Of course, any additional lawsuit will obligate the plaintiff to consent to pay the required filing fee. Additionally, both the amended complaint and any new, separately filed, complaints will be subject to judicial screening for possible dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

**2.     Motions for Reconsideration by Dammones and Holley (Dkt. Nos. 43, 45)**

Two of the dismissed plaintiffs have themselves sought reconsideration of their dismissal orders: Christopher Dammones (Dkt. No. 43) and Garfield W. Holley (Dkt. No. 45). Having read their motions, the court concludes that their motions for reconsideration should be granted. The court will vacate its dismissal orders (Dkt. Nos. 21, 23) as to those two plaintiffs and direct the Clerk to docket the complaint in a new case for each of them. Dammones still has not filed a consent-to-fee form, however, and Holley has not filed all of the required financial documents. Accordingly, the complaints will be conditionally filed in those two cases and separate orders

will be issued in those cases, giving Dammones and Holley additional time to comply with those filing requirements. Each of them is also advised, though, that even if he complies with the requirements, he will then be required by separate order to file an amended complaint, consistent with the directions set forth in Section 1.b. above.

**3.      Holley's motions for appointment of counsel and protective order (Dkt. Nos. 46, 47)**

As noted, Holley has not yet complied with the financial filing requirements in his case. Thus, the court will not address at this time his motion for protective order (Dkt. No. 47), which appears to raise substantive claims or request relief that is otherwise related to the merits of his complaint. The court will take that motion under advisement and address it after Holley complies with all filing requirements in his new case. The Clerk will be directed to docket Holley's motion for protective order (Dkt. No. 47) in his new case.

As to Holley's motion to appoint counsel (Dkt. No. 46), that motion will be denied. The court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. D. Ct. for S.D. of Iowa*, 490 U.S. 296, 309 (1989). However, the court may request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309. The court finds that plaintiff's circumstances are not sufficiently exceptional to justify appointment of counsel at this time, and so the court will deny without prejudice plaintiff's motion for appointment of counsel. Holley may renew a motion for appointment of counsel in his own case in the event that his case is set for a hearing or trial.

### 4. Ofori's Motion for Copies and Motion to Seal (Dkt. Nos. 39, 34)

Also pending before the court are two other motions signed only by Ofori. In the first, he requests that the court provide copies of the complaint (which is over 100 pages) to each of the plaintiffs in this case. (Dkt. No. 39.) Again, he cannot seek relief on behalf of other plaintiffs. Additionally, given that the court is requiring the filing of an amended complaint in this case and in the cases that will be opened in the other plaintiffs' names, there is no need for copies of the original complaint to be sent to plaintiffs. His motion will therefore be denied as moot.

Ofori also requests that the court file under seal a number of declarations that he has submitted to the court, both separately and as part of his complaint. (Dkt. No. 34.) The only basis he offers for sealing is his concern that sealing is necessary "to stop/prevent any of the defendants from retaliating" against inmates who have provided declarations. As to declarations that were filed prior to his motion to seal, he failed to comply with Local Rule 9 regarding their sealing. To the extent his motion to seal complies with Local Rule 9 as to the attached declarations, the court concludes that he has not offered a sufficient basis to seal these documents. *See Doe v. Public Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014) (discussing the presumed right of public access to judicial documents and records filed in civil proceedings and explaining that the right "may be abrogated only in unusual circumstances") (citation omitted). Thus, the court will deny his motion to seal.

An appropriate order will be entered.

Entered: September 12, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge