IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KHALIF ABDUL MATEEN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19-cv-00620 |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD W. CLARKE, *et al.*, | ) | By: Elizabeth Dillon |
|     Defendants. | ) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Khalif Abdul Mateen, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Mateen was directed to file an amended complaint, which he did. The court directed service on defendants, and the remaining defendants filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), which is pending before the court and addressed herein.[1] (Dkt. No. 19.) Mateen filed what has been deemed a response to the motion to dismiss (Dkt. No. 22), although it does not squarely address all of the arguments raised by defendants.

For the reasons discussed herein, the court will grant in part and deny in part the motion to dismiss.

I. BACKGROUND

Mateen's amended complaint names fourteen defendants, although it is unclear what claims he is bringing or against whom, and most of the defendants are not referenced in the allegations of the amended complaint at all (although some are referenced in attached documents). His amended complaint is not organized into counts or claims but is more a recitation of events. Mateen attaches

---

[1] In addition to the twelve defendants who have brought the motion to dismiss, two other defendants were named in the amended complaint: Leslie J. Fleming, and C/O Middleton. Middleton was previously dismissed without prejudice. (Dkt. No. 17.) As to Fleming, it appears that he was erroneously terminated as a defendant at the time the amended complaint was filed and was never served. Nonetheless, because the complaint nowhere mentions any action by Fleming, the claims against him are subject to dismissal for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

to his amended complaint numerous grievance-related documents and informal complaint forms. All of the alleged events took place at Wallens Ridge State Prison ("WRSP"), where he was incarcerated at all relevant times.

In his opposition to the motion to dismiss, Mateen says that "there were claims he presented" against defendants. (Dkt. No. 22 at 1.) His opposition then discusses only a claim of unconstitutional living conditions pursuant to the Eighth Amendment, but no other claims. Specifically, his amended complaint notes that he complained in grievances about two conditions at WRSP. First, he alleged that it was unsafe for WRSP not to have safety ladders for inmates to climb up and down from the top bunks. Second, he states that he requested that water jugs be placed on the recreational yards during outside recreation because inmates lacked access to water to hydrate themselves, which was problematic especially during the "long hot summer months." (Am. Compl. 1, Dkt. No. 4.)

Matten raised both of these concerns (about the bunks and lack of access to water during outside recreation) through informal complaints and then formal grievances at WRSP. Mateen contends that Sgt. Collins later asked him to withdraw his complaints. Mateen told him he would not withdraw them as long as Correctional Officer Miller kept "harassing him" and also because WRSP had done nothing about his safety concerns or in response to his Prison Rape Elimination Act ("PREA") complaint against Miller.[2]

Mateen's complaint against Miller, also raised in his lawsuit here, stemmed from an incident in which she "shook down" Mateen's cell on May 30, 2018. When she did so, she told Mateen that she would continue to conduct searches of his cell because he had denied her sexual advances and

---

[2] PREA is codified at 42 U.S.C. §§ 15601–15609.

because he had not helped her to "get[] rid of" an ex-cellmate of his, who had an ongoing dispute with Miller.

After Mateen refused to withdraw his complaints as Collins requested, Collins responded that Mateen's complaint about Miller "seem[ed] gay." Collins said that Mateen should be thankful a female was "hitting on" him. Mateen "responded sarcastically saying to [] Collins that [he] didn't find fat women attractive." (*Id.*) At that comment, Collins "flew into a rage" and escorted Mateen to his cell, assisted by Correctional Officer Rutherford. Mateen's cell was then searched, although it is not clear who conducted the actual search. Mateen alleges that the cell search occurred in retaliation for his refusal to drop his complaints. (*Id.* at 3.) Mateen also claims that he was then "set up" and placed in segregation for possession of intoxicants. Specifically, he was charged with possessing "apple juices and [a] carrot in a coffee bag." (*Id.*) Apparently, both he and his cellmate were charged with the offense and taken to segregation.

Then, when he was taken to segregation and his personal property inventoried, some of his belongings were either put in his cellmate's storage or later given to the cellmate outright, although Mateen does not allege who specifically took this action. Mateen also complains that he was hindered in pursuing his grievances and that he believes his grievances were "intercepted and thrown away." Again, though, he does not identify any particular person who interfered with his access to grievances.

Mateen's amended complaint also alleges that, since he filed his internal complaints, Lt. Cochrane, a "good friend of" Officer Miller's, has "constantly" searched Mateen's cell. One week, Matten's cell was searched three times—on June 12, June 13, and June 15, 2018. (Am. Compl. 5.) He also claims that he had never had a disciplinary charge for "not standing for count" at WRSP until after he filed his PREA complaint against Miller, implying that he received one afterward. The body of Mateen's amended complaint does not provide detail about these allegations, but his

3

attached grievance documents allege that Cochrane charged him with "not standing for count" on June 18, 2018. (Dkt. No. 4-1 at 11.) That same grievance document set forth additional details about how he believes Cochrane has harassed him.

Lastly, Mateen alleges that he was "intentionally charged" seventy cents for meal trays during Ramadan by "Miller's friends and co-workers," even though he had not picked up the trays and was on cell restriction. (Am. Compl. 5; Dkt. No. 4-1 at 12–14 (informal complaint about this incident and account showing a total of $4.20 charged in May and June 2018 for offender meals).)

The court construes Mateen's amended complaint as asserting Eighth Amendment living conditions claims based on the lack of safety ladders and lack of water during outside recreation. It also construes his amended complaint as asserting retaliation claims against Unit Manger Sgt. Collins, Officer Rutherford, and Officer Cochrane, claiming that they either shook down his cell or charged him with a false charge in retaliation for his filing a complaint about Miller and grievances about the safety issues. It is unclear precisely what claim he is asserting against defendant Miller, but the court also construes it as a retaliation claim. Lastly, Mateen may be making a claim about his property being improperly given to his cellmate, although it is not clear who he blames for this.

## II. DISCUSSION

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's

legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

Defendants contend that the amended complaint should be dismissed against all defendants. Mateen's response to the motion to dismiss is brief. As noted, it focuses only on a single type of claim—an Eighth Amendment living conditions claim.

**B. Specific Defendants**

Defendants' motion asks for dismissal of a number of defendants on the grounds that Mateen's amended complaint fails to allege any facts involving those defendants. This includes defendants Clarke, Manis, Combs, Anderson, Stallard, Hensley, and Franks. The court agrees that Mateen has failed to state a claim against any of these defendants.

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Mateen's amended complaint fails to state a § 1983 claim against the above-listed defendants because he does not allege any action by them; they simply are listed in the caption of his amended complaint. Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*,

550 F.2d 926, 928 (4th Cir. 1977)). Because Mateen fails to identify any action or omission by the defendants listed in the preceding paragraph, those defendants will be dismissed.

It is also noteworthy that, as to defendant hearing officers Hensley and Franks, they are not mentioned in the body of Matten's amended complaint or anywhere in the attachments. They may have been involved in an unspecified disciplinary hearing. But aside from saying he was "set up" regarding the possession of intoxicants charge, which could not be attributed to the hearing officers, nowhere does Mateen allege any constitutional violation during, or as a result of, any disciplinary hearing. Thus, these two defendants are subject to dismissal, too.

The court also will summarily dismiss claims against defendant Fleming on the same grounds. Fleming is not mentioned in the body of the amended complaint or in any of the documents attached to it; so, Mateen has failed to state an actionable § 1983 claim against Fleming. Thus, the court will dismiss claims against Fleming pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the court to dismiss a case in which a prisoner is proceeding *in forma pauperis*, if it fails to state a claim on which relief may be granted.

The court recognizes that some of the defendants named in this section were involved in the grievance process, and Mateen appears to claim that they did not process his grievances in a timely fashion or that they failed to give him the relief he wanted.[3] This does not give rise to a constitutional claim, however. Specifically, the Fourth Circuit held in *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994), and reiterated more recently in *Booker v. South Caroline Department of Corrections*, 855 F.3d 533 (4th Cir. 2017), that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Id.* at 541; *see Adams*, 40 F.3d at 75 ("The

---

[3] For example, defendant Stallard responded to Mateen's complaints about the drinking water and bunks by stating that all prisoners have access to a water fountain while at outside recreation and that all cells meet standards regarding all bunks. (Dkt. No. 4-1 at 1, 4.) Similarly, he responded to Mateen's informal complaint about Officer Miller, concluding that, based on his investigation, there was "no merit" to Mateen's allegations. (*Id.* at 7.)

Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Relying on *Adams*, district courts, including this one, have held that a prison official's failure to comply with a grievance procedure is not actionable under § 1983. *E.g.*, *Brown v. Va. Dep't of Corr.*, No. 6:07-CV-33, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) ("[T]here is no liability under § 1983 for a prison administrator's response to a grievance or appeal."); *Oliver v. Gray*, No. 7:09-CV-00004, 2009 WL 366150, at *2 (W.D. Va. Feb. 12, 2009), *aff'd*, 360 F. App'x 417 (4th Cir. 2010) ("Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Thus, any claim against defendants simply as a result of their participation in the grievance process must be dismissed.

The same principles also require dismissal of any claims against defendant Ravizee, WRSP's grievance coordinator. She is not mentioned in the body of the amended complaint, and it appears that her role was limited to processing Mateen's grievances. Even if she did so improperly, that does not give rise to a constitutional claim. *See Brown*, 2009 WL 87459, at *13.

After the dismissal of those defendants (Clarke, Manis, Combs, Anderson, Stallard, Hensley, Franks, Fleming, and Ravizee), that leaves in the case Correctional Officer Miller, Sgt. Collins, Correctional Officer Cochrane, and Correctional Officer Rutherford.

### C. First Amendment Retaliation Claim

The claims against the remaining four defendants appear to be retaliation claims, but the court concludes that Mateen's amended complaint fails to allege sufficient facts to state a plausible claim of retaliation as to any of the defendants except Sgt. Collins. Thus, the retaliation claim against Collins will be permitted to proceed; the claims against the others will be dismissed.

To succeed on his First Amendment retaliation claim, Mateen must establish that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely

7

affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. *Martin v. Duffy*, __ F.3d __, 2020 WL 6038674, at *2 (4th Cir. Oct. 13, 2020) (citing *Martin v. Duffy*, 858 F.3d 239, 249) (4th Cir. 2017)) (alterations omitted).

The Fourth Circuit recently concluded that the "same-decision test" of *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), applies to prisoner First Amendment retaliation claims. *Martin*, 2020 WL 6038674, at *3. Under that framework, once the prisoner-plaintiff shows that his "protected conduct was a substantial or motivating factor in a prison guard's decision to take adverse action," then the burden shifts to the defendant to prove a permissible basis for taking that action. *Id.* at *4. "'If the defendant fails to carry that burden, the inference is that 'but for' causation . . . has been shown: the plaintiff would not have been harmed had his rights not been violated by the defendant.'" *Id.* at *3 (quoting *Greene v. Doruff*, 660 F.3d 975, 979 (7th Cir. 2011)).[4] If, on the other hand, the defendant carries that burden and shows she would have taken the same action if the inmate had engaged only in misconduct and not protected conduct, then courts logically infer legitimate reasons caused the adverse action, not retaliatory ones. *Id.* at *5 (citing *Greene*, 660 F.3d at 979–80). The court discusses the retaliation allegations against each of the four defendants separately.

---

[4] The *Martin* court discussed three types of First Amendment retaliation claims, describing them as "dual-motive cases," "unitary event" cases, and a third, unnamed category "where the parties equally dispute what conduct caused defendant's adverse action and whether the defendant bore retaliatory animus." 2020 WL 6038674, at *6–7. As an example of the third type, it described a situation much like the one here: after an inmate files a grievance against him, the guard places the inmate in disciplinary segregation for an infraction the inmate did not commit. The inmate files suit, alleging that the guard manufactured disciplinary charges against him in retaliation for his grievance. *Id.* at *7. For these types of cases, the court stated that the "dual-motive framework will often provide an effective way to ferret out causation and retaliatory animus."

8

1. **Collins**

Turning first to Sgt. Collins, Mateen's allegations are that Collins conducted a retaliatory search of his cell on one occasion, immediately after a conversation in which Mateen refused to withdraw his complaint against Miller and his complaints about the drinking water and bunk ladders. Mateen's allegations also could be construed as claiming that Collins was responsible for charging him with possession of an intoxicant as a result of the same cell search, although it is unclear why Mateen is claiming he was "set up."[5]

Mateen has alleged the first element of a retaliation claim against Collins because prisoners have a "First Amendment right to be free from retaliation for filing a grievance" under the prison's established grievance procedure. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017).

Defendants' motion to dismiss does not argue that a cell search or bringing of a "false" disciplinary charge is not a sufficient adverse action to support a retaliation claim. For purposes of this opinion, the court thus assumes that a cell shakedown alone could satisfy the second element of a retaliation claim, which requires an action by defendant that "would likely deter a person of ordinary firmness from the exercise of First Amendment rights," *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005). *See Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir. 2002) (concluding that it was an issue for the jury as to whether two harassing cell searches and confiscation of material "would deter a person of ordinary firmness" from exercising his First Amendment rights and collecting cases); *but see Ballance v. Angelone*, No. CIV.A. 7:01CV 00410, 2002 WL 32074716, at *7 (W.D. Va. May 2, 2002), *aff'd*, 46 F. App'x 223 (4th Cir. 2002) ("A cell shakedown and the alleged confiscation of material, whether

---

[5] For example, Mateen does not explain if his contention is that the materials found were not his, that they were planted by a correctional officer, or that the materials found did not constitute an "intoxicant."

9

or not it was done in response to filing of a lawsuit, is not sufficiently adverse to [the plaintiff] to constitute retaliation."); *Williams v. Stevenson*, No. 1:19-CV-863, 2020 WL 255674, at *5 (W.D. Mich. Jan. 17, 2020) (holding that a single cell search, without any seizure of property, was not a sufficiently adverse action to support a retaliation claim), *appeal docketed*, No. 20-1121 (6th Cir. Feb. 10, 2020); *Miller v. Coning*, No. CV 11-377-LPS-SRF, 2014 WL 808023, at *13 (D. Del. Feb. 28, 2014) ("[T]wo cell shakedowns over a nine-month period do not constitute adverse action sufficient to state a claim for retaliation."), *report and recommendation adopted*, No. 11-0377-LPS, 2014 WL 3896605 (D. Del. Aug. 7, 2014). Moreover, the bringing of a false disciplinary charge has been held to be a sufficient adverse action to satisfy the second element of a First Amendment retaliation claim.[6] *Booker v. S. C. Dep't of Corr.*, 583 F. App'x 43, 44 (4th Cir. 2014).

The court also concludes that Mateen plausibly has alleged the third element of a retaliation claim against Collins. To establish the third element, Mateen must show that his protected conduct was a substantial or motivating factor in Collins's cell search and the disciplinary charge. *See Martin*, 2020 WL 6038674, at *4. An inmate experiencing an adverse action shortly after a correctional officer learns that the prisoner engaged in a protected activity may create an inference of causation, but, generally, mere temporal proximity is "simply too slender a reed on which to rest a Section 1983 retaliatory [ ] claim." *Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1993). Here, Mateen has alleged that the cell search was ordered immediately following a conversation in which Collins asked Mateen to withdraw his complaints and grievances. He specifically alleges that Collins "flew into a rage" after Mateen refused to withdraw his complaints and referred to Miller as "fat." In light of those facts and the Fourth

---

[6] On summary judgment, the evidence may conclusively show that the disciplinary charge was not false, but based on the allegations in the complaint, the court cannot so conclude.

10

Circuit's new pronouncement in *Martin* that a plaintiff does not bear the entire burden of showing but-for causation, but only of showing that the protected activity was a substantial or motiving factor for the adverse action so as to transfer the burden to defendant, the court concludes that Mateen has set forth sufficient factual allegations to allow his retaliation claim against Collins to go forward. Accordingly, the motion to dismiss will be denied as to the retaliation claim against Collins.

The court recognizes that it must treat an inmate's claim or retaliation by prison officials "with skepticism," *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996), and that conclusory allegations of retaliation are insufficient to survive dismissal, *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The court also notes that it may undermine an argument of causation that both he and his cellmate were both charged with the offense and that he does not allege the charge was retaliation against his cellmate. So it may well be that Mateen's claim will fail on summary judgment. But his amended complaint contains sufficiently "plausible" allegations on this element that are more than conclusory, *cf. Adams*, 40 F.3d at 74. In particular, Mateen has alleged that Collins requested that he withdraw his grievances, got angry with Mateen when he refused, and immediately thereafter, ordered the cell search resulting in Mateen being "set up" with a false disciplinary charge. These facts are sufficient to allow the claim to go forward at this time.

### 2. Rutherford

The only alleged involvement by Rutherford is that he assisted Sgt. Collins in escorting Mateen to the cell search and possibly searched Mateen's cell on that one occasion, although the amended complaint does not expressly say that Rutherford participated in the search. Assuming that Rutherford did so, however, and again assuming that a single cell search could constitute a sufficiently adverse action, Mateen has not alleged sufficient facts to suggest that Rutherford even knew about Mateen's complaints, let alone that he himself harbored any retaliatory motive. Mateen

merely alleges that Rutherford was asked by Collins to assist in escorting Mateen and searching the cell. This is inadequate to state a plausible claim of retaliation against him. Accordingly, the retaliation claim against Rutherford will be dismissed.

### 3. Miller

Mateen's claim of retaliation against Miller fares no better. Focusing again on the causation element of his claim, there are no facts in his amended complaint to plausibly show that any First Amendment protected conduct was a factor in Miller's conducting a cell search or repeated cell searches. First of all, Mateen does not even allege that her cell searches were related to any complaint he made against her. Instead, he expressly alleges that she searched his cell and told him she would continue to because he had denied her sexual advances and would not help her "get[] rid of" his ex-cellmate. He also does not allege any facts to support that she even knew he had filed a grievance or PREA complaint about her conduct. Because he has not alleged that his protected conduct was a substantial or motivating factor in Miller's decision to search his cell or presented any facts to plausibly show it, *Martin*, 2020 WL 6038674, at *4, his retaliation claim against her must be dismissed.[7]

### 4. Cochrane

According to Mateen's amended complaint, Cochrane is a "good friend" of Miller's, told Mateen sarcastically that "C/O Miller says hello," and searched Mateen's cell on numerous occasions, which Mateen attributes to retaliation. These allegations are insufficient to plausibly

---

[7] The allegations in the amended complaint do not state an Eighth Amendment claim—or any other constitutional claim—against Miller, either. Although her sexual propositions may have violated PREA, there is no evidence of unwanted touching. To the contrary, Mateen clearly states that he refused her propositions. Thus, he has not adequately pled no excessive force claim against her. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010) (explaining elements of an excessive force claim under the Eighth Amendment, which include that the defendant used "nontrivial" force); *see also Henslee v. Lewis*, 153 F. Appp'x 178, 180 (4th Cir. 2005) (holding that allegations of verbal abuse and harassment, without any physical contact, fail to state a claim of constitutional magnitude); *Snodgrass v. Messer*, No. 7:16CV00050, 2017 WL 975992, at * (W.D. Va. Mar. 10, 2017) (granting motion to dismiss where defendant was alleged to have repeatedly made comments of a sexual nature toward plaintiff), *aff'd*, 694 F. App'x 157 (4th Cir. 2017).

allege the third element of a First Amendment retaliation claim. Taking all of these facts as true, the allegations do not plausibly tie Cochrane's cell searches to retaliation for any First Amendment protected activity. This is particularly true because, as already discussed, Mateen himself does not tie Miller's retaliatory motives to his First Amendment, and Cochrane's retaliatory motives—according to the amended complaint—derive from his desire to assist Miller in retaliating.

Thus, Mateen's assertion that Cochrane retaliated against him because of his First Amendment conduct is mere speculation. *See Adams*, 40 F.3d at 74 (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation). The retaliation claim against Cochrane will be dismissed.

**D. Living Conditions Claims**

As noted, the court also construes Mateen's amended complaint as attempting to assert a conditions-of-confinement claim under the Eighth Amendment, although it is unclear against whom. The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49.

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To establish the second element of deliberate indifference, a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious

13

harm, and that the defendant must have actually recognized the existence of such a risk. *See, e.g., Farmer*, 511 U.S. at 838–840; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994). The defendant then must have failed to take "reasonable measures" to alleviate the danger. *Farmer,* 511 U.S. at 832.

Regardless of whether the conditions Mateen identifies could constitute "significant physical or emotional harm, or a grave risk of harm," he clearly has not plausibly alleged the second element of a conditions claim. Notably, Mateen does not identify any defendant that he alleges was personally aware of facts indicating a substantial risk of harm, nor has he plausibly alleged that any defendant actually recognized the existence of such a risk. *Cf. id.* at 832, 837. In his attached documents, it appears that defendant Stallard denied Mateen's informal complaints on these issues. Even if Stallard is the intended defendant for these claims, though, Stallard's responses to Mateen's grievances clearly show that he did *not* recognize a substantial risk of serious harm as a result of the alleged lack or water or lack of bunk ladders. To the contrary, Stallard responded that there was water available to inmates during outside recreation and that the bunks met all required standards. (Dkt. No. 4-1 at 1, 4.) Thus, even if Mateen intended to assert these claims against Stallard, he has failed to plausibly show that Stallard was personally aware of facts indicating a substantial risk of harm or that he actually—subjectively—recognized the existence of such a risk. *See Farmer*, 511 U.S. at 838–40. In short, Mateen has not adequately alleged that any specific defendant was deliberately indifferent to the conditions he identifies. Accordingly, any Eighth Amendment claims fail and will be dismissed.

### E.  Claim Based on Ramadan Trays

It is not clear to the court how Mateen believes being charged for Ramadan trays when he did not receive them violated his constitutional rights, although it appears that it is part of a general retaliation claim. Once again, he does not identify any particular defendant who is allegedly

responsible for this act of retaliation. In any event, Mateen's being charged for six meals, for a total amount of $4.20, is not a sufficient adverse action to stop a person of ordinary firmness from pursuing his First Amendment rights. *Cf. Hoye v. Gilmore*, 691 F. App'x 764 (4th Cir. 2017) (concluding that transferring the plaintiff to a facility further away from his family was not a sufficient adverse action and would not "deter a person of ordinary firmness from filing prison grievances"; it was at most an inconvenience); *Walker v. Bowersox*, 526 F.3d 1186, 1190 (8th Cir. 1008) (concluding that giving plaintiff an "alternative meal" on two occasions was not a sufficient adverse action); *Johnson-El v. Beck*, No. 3:11-cv-115-RJC, 2011 WL 1155679, at *4 (concluding that a transfer which resulted in plaintiff being unable to complete a computer class was insufficient). Accordingly, any retaliation claim based on Mateen's being improperly charged for Ramadan trays over the course of several days will be dismissed.

F. Property Claims

Lastly, to the extent Mateen's amended complaint could be read as arguing that he was deprived of his personal property when it was improperly given to his cellmate, these claims also must be dismissed. Allegations that prison officials deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because Mateen possessed tort remedies under Virginia state law, *see* Virginia Code § 8.01–195.3, it is clear that he cannot prevail in a constitutional claim for the alleged property loss in this case.[8] Thus, any claims based on the alleged loss of his property must be dismissed.

---

[8] Mateen is not claiming that his property was destroyed pursuant to a prison policy, so the court need not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).

## III.  CONCLUSION

Because Mateen's amended complaint fails to state a constitutional deprivation actionable under § 1983 against nearly all of the defendants and as to all claims, defendants' motion to dismiss will be granted as to all defendants and all claims except that the court will deny the motion to dismiss as to the First Amendment retaliation claim against Sgt. Collins.  The claims against defendant Fleming, who was not served and is not a party to the motion to dismiss, will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

An appropriate order will be entered.

Entered: November 10, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge